## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **WILFREDO BARRIOS,** | ) | |
| **No. 21080-112** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-CV-00435-DRH** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**HERNDON, Chief Judge:**

Petitioner Wilfredo Barrios is currently incarcerated in the Federal Correctional Institution at Greenville, Illinois, located within the Southern District of Illinois. On April 4, 2014, Barrios filed a petition for writ of habeas corpus in the Southern District of Indiana, pursuant to 28 U.S.C. § 2241. The petition was transferred to the Southern District of Illinois because jurisdiction properly lies in the judicial district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004).

Barrios's petition is ultimately aimed at upsetting his conviction and sentence, by way of challenging the denial of his motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence without an evidentiary hearing. This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.

## I.   Discussion

### A. Procedural History

On September 3, 2003, petitioner Barrios was convicted in the Southern District of Indiana of conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 846 (Count I), and engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848(a) and (b) (Count II).  *United States v. Gant, et al.*, Case No. EV 02-CR-02-05 (S.D. Ind.).  He was sentenced to a mandatory life term for Count II.

On direct appeal, the Seventh Circuit ordered a limited remand pursuant to *Booker* and *Paladino*, wherein the district court reaffirmed that it would impose the same sentence as to Count I in light of the advisory nature of the Sentencing Guidelines.  *See United States v. Booker*, 543 U.S. 220 (2005); *United States v. Paladino*, 401 F.3d 471, 484 (7th Cir. 2005).  The life sentence for Count II was a mandatory minimum sentence, and thus was not subject to reconsideration in the limited remand.  Petitioner's conviction and sentence were affirmed.

Barrios filed a timely motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, raising issues of ineffective assistance of trial and appellate counsel, a defective indictment, violation of his rights under the Vienna Convention (he is a citizen of Guatemala), and improper double punishment under 21 U.S.C. §§ 846 and 848. *Barrios v. United States*, Case No. 07-CV-130 (S.D. Ind., filed Sept. 27, 2007).  Petitioner was represented by counsel in that proceeding.  The government was ordered to respond, and discovery was allowed—including depositions of petitioner's former trial and appellate counsel. Petitioner was given several extensions of time to file his reply, and the government filed a sur-reply.  Ultimately, the trial court vacated petitioner's conspiracy conviction under 21 U.S.C. § 846 as a lesser included offense to supervising a continuing criminal enterprise (CCE) under 21 U.S.C. § 848, but denied relief on all his other claims. *Barrios v. United States*, Case No. 07-cv-130 (S.D. Ind., Doc. 56, Sept. 27, 2012).  Petitioner remained subject to the life sentence for the CCE conviction.

Both the district court and the Seventh Circuit declined to issue a certificate of appealability from the order disposing of petitioner's Section 2255 motion, and on November 18, 2103, the Supreme Court denied his petition for a writ of *certiorari* (Doc. 1, p. 2).

Burrios then turned to Section 2241.

B. **<u>Abuse of the Writ</u>**

Barrios and his Section 2241 challenge to the denial of his Section 2255 motion are quite familiar to this Court.  An identical challenge was filed in this Court on January 10, 2014, and dismissed on the merits by order and judgment dated February 3, 2014.  *See Barrios v. Cross*, Case No. 14-CV-00026-DRH (S.D. Ill. Feb. 3, 2014).

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief.  Section 2255 applies to challenges to the validity of convictions and sentences, whereas [Section] 2241 applies to challenges to the fact or duration of confinement."  *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000).  *See also Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

Petitioner does not attack the duration of his confinement, *per se*. Therefore, Section 2241 does not readily appear to be the appropriate avenue for relief.  In effect, petitioner is attempting to use this court to allow him to reopen the Section 2255 case in the Southern District of Indiana, and/or present a successive, redundant Section 2255 petition attacking his conviction and sentence, skirting the requirements for bringing a successive petition (*see* Section 2255(h), (e)), and ignoring Seventh Circuit precedent.  However, the Seventh Circuit has recognized that it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under Section 2241.

Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002). Nevertheless, the Court need not analyze the merits of Barrios's petition—that has already been done.

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(b)(3), requires appellate permission to file a successive petition for writ of habeas corpus, but that requirement does not apply to petitions such as this, brought pursuant to 28 U.S.C. § 2241. *See Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007) (citing *Felker v. Turpin*, 518 U.S. 651 (1996)). Regardless, the Act reflects the common law tradition under which a successive Section 2241 petition will constitute an abuse of the writ if there has been no change in the law or no new factual revelations to warrant consideration of the petition anew. *See Felker*, 518 U.S. at 659-662 (prior to the Act the court had gatekeeping authority over successive habeas petitions); *Gray-Bey v. United States*, 209 F.3d 986 990 (7th Cir. 2000) (the Act's successive petition rules serve as "guideposts" for Section 2241 petitions); *In re Page*, 179 F.3d 1024, 1026 (7th Cir. 1999) (the abuse of the writ doctrine is defunct because it was wholly superseded by the Act—relative to those habeas petitions covered by the Act, not including Section 2241).

As already noted, the current Section 2241 petition mirrors the January 2014 Section 2241petition, except that the United States is named as respondent, rather than the warden of FCI-Greenville, and the dismissal of the January 2014 petition is added to the procedural history.  No new legal precedents or factual revelations are cited.  In other words, nothing has changed.  Barrios is merely attempting to secure the opinion of another district court.  He has clearly abused the writ; consequently, the present Section 2241 petition will be dismissed with prejudice.

**IT IS HEREBY ORDERED** that, for the reasons stated, the petition is **DISMISSED** with prejudice.  Judgment shall enter accordingly.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment.  FED.R.APP.P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal.  *See* FED.R.APP.P. 24(a)(1)(C).  If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.  *See* FED.R.APP.P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  It is not

necessary for petitioner to obtain a certificate of appealability.  *Walker v. O'Brien*,

216 F.3d 626, 638 (7th Cir. 2000).

   **IT IS SO ORDERED.**

   Signed this 7th day of May, 2014.

Digitally signed by
David R. Herndon
Date: 2014.05.07
14:36:39 -05'00'

**Chief Judge**
**United States District Court**